| .CANNELLA, Judge.
Plaintiff, Clara Payne, appeals from a judgment in an automobile accident case against defendants, Midland Risk Insurance Company and COB Enterprises of Louisiana, Inc. (COB). We affirm.
Plaintiffs vehicle was struck in the rear by a dump truck driven by Willie Young, an employee of COB on October 27, 1995 at approximately 10:15 a.m. The accident occurred at the corner of Jefferson Highway and Hord Street in Jefferson Parish while plaintiff was stopped for a red traffic signal. Plaintiff was taken to the emergency room at Ochsner Hospital complaining of back pain. She was subsequently treated for lumbar strain on and off until June of 1997.
Plaintiff filed suit against defendants on October 16, 1996. On August 4, 1998, a bench trial was held. The trial judge found in favor of plaintiff and against defendants, determining that she suffered a 6 month lumbar strain and awarding her $4,842 in medical expenses and $6,000 in general damages.
|3On appeal, plaintiff asserts that the general damage award is inadequate and an abuse of discretion.
The evidence shows that shortly after the accident plaintiff sought medical treatment from Dr. Jacqueline Cleggett-Lucas at Gulf Coast Medical Consultants. Dr. Lucas saw plaintiff from October of 1995 through April of 1996 and diagnosed her with lumbar strain and left shoulder contusion. She treated plaintiff with cold and heat pack therapy, massage, exercise, transcutaneous electrical nerve stimulation (TENS), pain medications and muscle relaxants.[1]
Dr. Lucas referred plaintiff to Dr. Tous-saint LeClercq, a neurosurgeon, who diagnosed lumbar strain. He saw her one time and recommended that she have a Magnetic Resonance Imaging (MRI) test to rule out disc involvement. However, plaintiff voluntarily stopped treatment in April of 1996 because her pain was improved, although not gone. She did not have the MRI at that time. In October of 1996, plaintiff scheduled the MRI because the pain had increased. During the period that she was not under medical supervision, plaintiff controlled her discomfort with over-the-counter pain medications and the remainder of her prescription medications.
In November of 1996, plaintiff was involved in another accident wherein she was *74 allegedly struck on the driver’s side by a car that ran a red light. She informed the doctors and complained of neck and shoulder pain from that accident.
In December of 1996, after receiving the MRI results, plaintiff returned to Dr. Le-Clercq’s office where she was seen by neurosurgeon, Dr. Kenneth | ¿Vogel.[2] Dr. Vo-gel saw plaintiff one time. He reviewed the MRI and testified that it showed a tear of the annular fibrosis of the disc. Dr. Vogel also thought that the MRI showed a suspicion of a herniated disc. He recommended conservative treatment. If the pain became intolerable, plaintiff was instructed to return to Dr. Vogel.
Plaintiff did not seek any further treatment for 2 months. In February of 1997, she returned to Dr. Lucas, who treated her as before for lumbar strain until June of 1997. Plaintiff did not seek any further medical treatment.
Plaintiff was also examined on May 16, 1997 by Dr. Timothy Finney, an orthopedic surgeon, at the request of defendants. After reviewing the medical records, he concluded that the MRI showed no obvious herniation. He testified that if there is a fissure to the disc annulus, it would heal, although he was not sure it existed. Dr. Finney agreed that a fissure could be a source of pain. He concluded that plaintiff suffered a mechanical type of back pain from degenerative disc disease or from a soft tissue injury, although the latter should have improved. Dr. Finney diagnosed plaintiff with chronic lumbar strain syndrome.
All of the doctors related the injury to the October 27, 1995 accident. They did not believe that the November of 1996 accident had an effect on plaintiffs back condition.
Plaintiff worked at Hill-Behan Lumber Company for 17 years and was 55 years old when the accident occurred. She testified that she immediately suffered back pain for which she went to Dr. Lucas. Plaintiff testified that the pain never goes away completely. Plaintiff had no previous back problems.
|sThe standard for the review of damage awards is whether, after an articulated analysis of the facts, the court finds the trial judge abused his/her great discretion. Bostwick v. M.A.P.P. Industries, Inc., 97-791 (La.App. 5th Cir. 12/30/97), 707 So.2d 441, 448; Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993). This determination is made with consideration to the individual circumstances of the injured plaintiff. Bostwick v. M.A.P.P. Industries, Inc., 707 So.2d at 448; Theriot v. Allstate Ins. Co., 625 So.2d at 1340. After an analysis of the facts and circumstances peculiar to the particular case and plaintiff, an appellate court may conclude that the award is inadequate. Bostwick v. M.AP.P. Industries, Inc., 707 So.2d at 448; Theriot v. Allstate Ins. Co., 625 So.2d at 1340. Only then is a resort to prior awards appropriate, and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Bostwick v. M.A.P.P. Industries, Inc., 707 So.2d at 448; Theriot v. Allstate Ins. Co., 625 So.2d at 1340.
In this case, we do not find that the trial judge abused his discretion. The medical reports show that plaintiffs pain is not severe. Although exhibiting some tenderness when palpated, there were few episodes of spasms and her bending and leg straightening tests were always normal. Plaintiff received treatment for 6 months, then sought no treatment for another 6 months. She was released from treatment in June of 1997. While the general damages are low in comparison to the medical expenses, under these facts we conclude that the award is not inadequate.
Accordingly, the judgment of the trial court is hereby affirmed.
*75 Each party to bear their own costs of appeal.
AFFIRMED.

. The medical evidence was submitted through reports and depositions. Dr. Lucas' reports were received into evidence and she did not testify.

. Dr. LeClercq was no longer working in the same office.